UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLARENCE L. SCOTT                                                                                PLAINTIFF

v.                                             No. 2:15-CV-02193

JUSTIN DELEON; and CITY OF
FORT SMITH, ARKANSAS                                                                         DEFENDANTS

**OPINION AND ORDER**

  Before the Court is Plaintiff Clarence L. Scott's motion (Doc. 95) to set aside the verdict and conduct a new trial pursuant to Federal Rule of Civil Procedure 59. Plaintiff filed a brief in support (Doc. 96), Defendants Justin Deleon and the City of Fort Smith filed a response (Doc. 97) and brief in opposition (Doc. 98), and Plaintiff filed a reply (Doc. 99) without leave of Court, which the Court has nevertheless considered.[1] "A motion for a new trial should only be granted if the jury's verdict was against the great weight of the evidence so as to constitute a miscarriage of justice." *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1010 (8th Cir. 2000). The motion will be denied.

  The briefing on this motion is somewhat hyperbolic. Defendants liken video of Deleon's use of force against Scott to the Zapruder film of President Kennedy's assassination to make the point that "there remain opposing viewpoints as to what the film actually shows," (Doc. 98, p. 5), while Plaintiff characterizes the verdict as "jury nullification." (Doc. 96, pp. 2–3). This hyperbole likely stems from misunderstandings of the law that have persisted throughout this litigation. For example, even after the Court's order (Doc. 60) denying summary judgment explained how ratification can result in official capacity liability, and rejected incorrect language proposed for a

---

[1] Under Local Rule 7.2(b), the only motion for which replies in support are allowed as a matter of course is a motion for summary judgment.

jury instruction on official capacity liability, Defense counsel persisted in arguing that for the City of Fort Smith to be liable on a ratification theory, a policymaker had to both know of Deleon's use of force and know it was unconstitutional, and still approve the use of force. This is incorrect, and a similar misunderstanding of the particularities of the law is reflected in briefing for both parties on the instant motion.

Plaintiff's counsel now argues that because the video of Deleon's use of force does not show Scott lunging at Deleon, and because other video reveals Scott never threatened Deleon with physical violence, Deleon's use of force was unquestionably more than was necessary, and therefore unreasonable. Defendant's counsel argues that the question before the jury was "whether the use of force was reasonable under the circumstances as perceived by Deleon." (Doc. 98, p. 3). Neither of these positions is quite correct.

At trial, the Court used instruction 4.40 from the 2017 edition of the Manual of Model Civil Jury Instructions For the District Courts of the Eighth Circuit and instructed the jury that force used would be excessive if it "was not reasonably necessary to control Scott or prevent him from harming Deleon after Scott exited Deleon's patrol car." *Scott v. Deleon*, 2:15-CV-02193, Final Instruction No. 7. To assist the jury in determining whether the force was reasonably necessary, the Court further instructed the jury that:

> In determining whether the force was "excessive," you must consider: any need for the application of force; the relationship between any need and the amount of force that was used; the extent of any injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You must determine whether the officer's actions were reasonable in light of the facts and circumstances confronting the officer.

*Id.* "It is certainly reasonable to believe, absent evidence to the contrary, that the jury adhered to the judge's instructions." *Yannacopoulos v. General Dynamics Corp.*, 75 F.3d 1298, 1305 (8th Cir. 1996). To determine whether the verdict is against the great weight of the evidence, the Court

will consider whether a reasonable jury could have reached the verdict in this case by following the instructions the Court gave. While the Court can independently weigh the evidence and disbelieve witnesses, it may not set aside a verdict and grant a new trial merely because it believes that other results are more reasonable. *Shaffer v. Wilkes*, 65 F.3d 115, 117–18 (8th Cir. 1995).

From the video footage played at the trial, it is obvious that Scott was handcuffed behind his back, never verbally threatened Deleon with physical violence, never lunged[2] at Deleon, but instead stepped fluidly—though unsteadily—out of Deleon's patrol car when directed, never made contact with Deleon's nose, and never used force against Deleon. Deleon grabbed Scott when Scott exited the car, and Scott was thrown to the ground. The jury was told to consider whether any use of force was actually needed, and if so, the relationship between the need for force and the amount used. Had the instructions stopped there, the jury verdict would be against the great weight of the evidence, and Plaintiff would certainly prevail on this motion.

However, the jury was also told to consider the matter from the perspective of a reasonable officer[3] on the scene facing the same facts and circumstances Deleon faced. The video footage, as well as witness testimony, revealed that Scott was apparently intoxicated, had been made to leave a bar, was visibly agitated, was angry with his arresting officer, and was within arm's length of Deleon when Scott stood after exiting the vehicle. The jury also heard testimony from Deleon that he did not initially grab Scott to throw Scott to the ground, but to direct him away from Deleon, and that Scott struggled after being grabbed, resulting in Deleon losing control of Scott and Scott falling to the ground.

While some of Deleon's testimony (i.e., that Deleon believed Scott lunged at Deleon and

---

[2] "Lunge" is defined as "a sudden forward rush or reach." *Lunge*, Merriam-Webster, https://www.merriam-webster.com/dictionary/lunge (last visited Mar. 19, 2018).

[3] And not, as Defendants argue, from the perspective of Deleon.

struck his nose) was contrary to video evidence and not credible, Deleon's version of the struggle was not otherwise "so utterly discredited by the record that no reasonable jury could have believed him." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court's independent weighing of the evidence should not usurp the jury's role, but only evaluate whether the jury's verdict was reasonable. Assuming the jury believed that Deleon's initial use of force was limited to directing Scott away, that Scott struggled against that force, and that it was only then that Deleon's use of force escalated, the jury could find that a reasonable officer confronted with an angry, intoxicated detainee stepping closely to the officer would reasonably use the same degree of force, and escalate to the same degree (even if the escalation was so poorly executed that, rather than the officer gaining control, the detainee was thrown to the ground).

The Court cannot find that the jury's verdict was against the great weight of the evidence so as to constitute a miscarriage of justice.

IT IS THEREFORE ORDERED that Plaintiff Clarence L. Scott's Rule 59 motion (Doc. 95) is DENIED.

IT IS SO ORDERED this 20th day of March, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE